Shelly HNOT, and Heidi Scheller, on behalf of themselves and all similarly situated persons, Plaintiffs,

v.

WILLIS GROUP HOLDINGS, LTD., Willis North America, Inc., Willis of Massachusetts, Willis of New Jersey, and Willis of NY, Defendants–Appellees,

v.

Adrianne Cronas, Intervenor–Plaintiff–Appellant.

No. 06–5761–cv.

United States Court of Appeals, Second Circuit.

May 10, 2007.

Robert L. Herbst (Spencer B. Freedman, of counsel), Beldock Levine & Hoffman LLP, New York, NY; Rosalind Fink, Brill & Meisel, New York, NY (of counsel), for Appellant.

14

Bettina B. Plevan, Proskauer Rose LLP, New York, NY, for Appellee.

PRESENT: Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

In this gender discrimination class action, Adrianne Cronas appeals from the district court's order denying her motion to intervene under Fed.R.Civ.P. 24(a) and (b)(2). We assume that the parties and counsel are familiar with the facts and the procedural history of this case, and with the scope of the issues presented on appeal.

We review a district court's denial of a motion to intervene for abuse of discretion. *Patricia Hayes Assocs., Inc. v. Cammell Laird Holdings U.K.*, 339 F.3d 76, 80 (2d Cir.2003). Fed.R.Civ.P. 24(a) permits intervention of right where the intervenor "(1) file[s] a timely motion; (2) show[s] an interest in the litigation; (3) show[s] that its interest may be impaired by the disposition of the action; and (4) show[s] that its interest is not adequately protected by the parties to the action." *D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001) (internal quotation marks and citation omitted). "Denial of the motion to intervene is proper if any of these requirements is not met." *Id.* Similarly, Fed R. Civ. P. 24(b) provides for permissive intervention "[u]pon timely application ... when an applicant's claim or defense and the main action have a question of law or fact in common." Fed.R.Civ.P. 24(b)(2). "Substantially the same factors [as intervention of right] are considered in determining whether to grant an application for permissive intervention pursuant to Fed. R.Civ.P. 24(b)(2).... Accordingly, insofar as we affirm the District Court's denial of [the appellant's] motion to intervene as a matter of right, we need not also examine its denial of permissive intervention." *In re Bank of New York Derivative Litig.*, 320 F.3d 291, 300 n. 5 (2d Cir.2003).

The resolution of this appeal turns on the first factor, timeliness. The determination of timeliness is in large part an equitable one, to be made based upon the totality of the circumstances. *See generally Catanzano by Catanzano v. Wing*, 103 F.3d 223, 234 (2d Cir.1996); *Farmland Dairies v. Comm'r of the N.Y. State Dep't of Agric. & Mkts.*, 847 F.2d 1038, 1044 (2d Cir.1988). In making this discretionary determination, the district court is required to consider

(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness.

*In re Bank of New York Derivative Litig.*, 320 F.3d at 300 (quoting *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir.1994) (internal quotation marks omitted)). The first factor—the length of time between when an applicant knew or should have known of his interest before making his motion—is "[a]mong the most important." *Catanzano*, 103 F.3d at 232.

We conclude that the district court's decision that Cronas's motion was untimely was well within the bounds of its discretion.

Cronas learned of the class certification and its terms in May 2005. She did not inform the district court of her intent to intervene until mid-July 2006 and did not file her motion until August 1, 2006, more than two weeks prior to the August 17, 2006 ruling of the district court that she

now claims was the sole basis for her belief that her interest in the class action litigation was not adequately protected. Cronas argues further that she will suffer substantial prejudice because of what she characterizes as considerable hurdles to bringing an independent action.

Without deciding what is the proper benchmark for assessing the length of Cronas's delay in filing, we assume for purposes of deciding this appeal that it was the date upon which she learned that her interests were not adequately represented. Even so, that date was plainly May 2005. The district court did not abuse its discretion in concluding that the possibility that Cronas may not ultimately be able to prevail in a separate suit did not warrant granting her motion in light of her extended delay in filing and the substantial prejudice—for example the significantly enhanced delay in reaching an adjudication—that the defendant would face as a result of Cronas's delay if her motion were granted. "[T]he fact that appellant [ ] in this case will face many significant obstacles if [she] file[s][her] own lawsuit does not as a matter of law require [her] intervention." *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 199 (2d Cir.2000).

For the foregoing reasons, the order of the District Court is hereby AFFIRMED.